FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the matter of | : | Case No. 09-16476/JHW |
| Nicholas L. Azeglio, Jr. | : | |
| Debtor | : | |
| Daniel K. Grumbine and | : | Adversary No. 09-1914 |
| Graham P. Bottrell, Jr. | | |
| | : | |
| Plaintiffs | | |
| v. | : | **OPINION ON MOTION** |
| | | **FOR SUMMARY JUDGMENT** |
| Nicholas L. Azeglio, Jr. | : | |
| Defendant | : | |

APPEARANCES:   Thomas M. North, Esq.
Law Office of Thomas M. North
53 Newton Avenue
Woodbury, New Jersey   08096
Counsel for Plaintiffs

Nicholas S. Herron, Esq.
Seymour Wasserstrum & Assocs.
205 Landis Avenue
Vineland, New Jersey   08360
Counsel for the Debtor

**FILED**
JAMES J. WALDRON, CLERK

January 27, 2010

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: Theresa O'Brien, Judicial
Assistant to Chief Judge Wizmur

   In this adversary proceeding, the plaintiffs Daniel Grumbine and Graham

Bottrell seek a determination on summary judgment that the debt due to them

from the debtor/defendant is nondischargeable under section 523(a)(2)(A) of

the Bankruptcy Code.  The plaintiffs assert that a previously rendered state

court judgment entered against the debtor, under the New Jersey Consumer

1

Fraud Act, N.J.S.A. 56:8-1 et seq., collaterally estops the bankruptcy court from litigating the issue of fraud under section 523(a)(2)(A). Because a requisite element of the doctrine of collateral estoppel, i.e., that the initial action was "actually litigated", is missing here, the state court judgment does not preclude the relitigation of the issues presented in the nondischargeability complaint. The plaintiffs' motion for summary judgment must be denied.

## FACTS

The plaintiffs purchased a home within a subdivision commonly known as the Beckett Development, located at 26 Birchwood Place, Swedesboro, Gloucester County, New Jersey, from Richard and Linda Dunn (the "Sellers"). Settlement on the property occurred on August 27, 2004.

Prior to the closing, the Sellers retained realtors H. Donald Stewart, Jr. and Nicholas Azeglio, Jr. from the Century 21 Stewart Agency to list their property for sale on their behalf. The plaintiffs entered into an Agreement of Sale with the Sellers on July 11, 2004. In connection with the Agreement of Sale, the plaintiffs received a "Seller's Disclosure Statement," in which the Sellers denied knowledge of the existence of any underground fuel tanks on the property. Prior to the closing, the realtors caused limited testing to be conducted on the property, which did not locate an underground storage

tank. However, the realtors were sent correspondence regarding the existence of underground storage tanks on the property by the Sellers' neighbor, but made no disclosure to the plaintiffs regarding the possibility that such tanks might exist on the property.

Immediately after settlement on the property, the plaintiffs were informed by the Sellers' neighbor of the existence of an underground oil tank on the property, which fact the plaintiffs confirmed with experts. The oil tank was determined to have been leaking, requiring significant costs to remediate.

On July 18, 2005, the plaintiffs filed a complaint in the Superior Court of New Jersey, Law Division, against H. Donald Stewart, Jr., Nicholas Azeglio, Jr., and others alleging, among other things, violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. Nicholas Azeglio filed an answer, defenses, a cross-claim, a third party complaint, and opposition to a motion for summary judgment. He and/or his counsel also attended at least four depositions in the state court matter.

A bench trial was scheduled for September 26, 2007, of which the debtor's attorney, Robert A. Gleaner, Esquire, received notice on July 18,

2007.[1]  On July 30, 2007, Mr. Gleaner filed a motion with the Superior Court to withdraw as counsel to the debtor.  The motion was apparently granted in August 2007.  In an affidavit submitted to the Superior Court in November 2007, Mr. Gleaner stated that his office did not notify the debtor of the scheduled trial date.

The debtor did not know about the scheduled September 26 trial, and did not appear.  Nor did his co-defendant, H. Donald Stewart, Jr. appear.[2]  Following a proof hearing, Judge McDonnell concluded that the two defendants had violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., specifically holding in pertinent part:

> I am satisfied from the information that was available to Mr. Azeglio and to Mr. Stewart . . . .  That both . . . knew or should have known of the duty to disclose the potential for existence of an underground storage tank at this property.

T7-12 to 19 (Grumbine v. Dunn, No. GLO-L-1212-05 (N.J. Super. Law Sept. 26, 2007)).

> The Consumer Fraud Act . . . prohibits both affirmative acts of deception and acts of omission. . . . "Prohibited affirmative acts

---

[1]  Mr. Gleaner's affidavit incorrectly refers to the trial date as September 24, 2007.

[2]  H. Donald Stewart filed a Chapter 7 voluntary petition on January 2, 2008.  The plaintiffs herein filed an adversary proceeding seeking to declare the debt due to them from Mr. Stewart nondischargeable.  The plaintiffs' motion for summary judgment was granted by order entered October 10, 2008.

> do not require proof of an intent to mislead. . . . Since consumer protection is the ultimate goal, the standards established by the Act must be met regardless of intent." So that here, it seems reasonable to infer that Mr. Azeglio knew of the existence or the likely existence of an underground storage tank and affirmatively withheld that information. And that Mr. Stewart, likewise having been sent the letter, knew of the misrepresentation that there was no underground storage tank on the property. So that I would find both . . . Mr. Stewart and Mr. Azeglio have violated the Consumer Fraud Act, by the activity in connection with the failure to disclose... the potential and probable existence of the underground storage tank. The failure to get a proper metal detector investigation before affirmatively stating that there was . . . no underground tank on the property. . . . So that I do find that [Grumbine and Bottrell] have sustained substantial damages.

Id. at T7-20 to 9-13. On October 9, 2007, judgment was entered against the two defendants reflecting treble damages in the amount of $772,419 plus attorney's fees. Thereafter, the debtor's motion for reconsideration by the Superior Court was denied.

The debtor filed his Chapter 7 voluntary petition on March 17, 2009. The plaintiffs filed this adversary proceeding on June 17, 2009, asserting that the debtor is collaterally estopped from relitigating the issues resolved by the state court judgment, and that the elements of non-dischargeability under 11 U.S.C. § 523(a)(2)(A) were established by the findings of the Superior Court.

## **DISCUSSION**

The principle of collateral estoppel, which prohibits the relitigation of issues that have been adjudicated in a prior lawsuit, applies in discharge proceedings in bankruptcy courts. Grogan v. Garner, 498 U.S. 279, 284-85 n.11, 111 S. Ct. 654, 658 n.11, 112 L.Ed.2d 755 (1991); In re Docteroff, 133 F.3d 210, 214 (3d Cir. 1997). In a nondischargeability proceeding under section 523(a), a bankruptcy court must, pursuant to the full faith and credit principles of 28 U.S.C. §1738, give the same issue preclusion effect to a state court judgment as the judgment would be given under that state's law. 28 U.S.C. §1738; Marrese v. American Acad. of Othropaedic Surgeons, 470 U.S. 373, 380, 105 S. Ct. 1327, 1331-32, 84 L.Ed. 2d 274 (1985).

Under New Jersey law, collateral estoppel may be used to estop a claim when:

>  (1) the issue to be precluded is identical to the issue decided in the prior proceeding;

>  (2) the issue was actually litigated in the prior proceeding;

>  (3) the court in the prior proceeding issued a final judgment on the merits;

>  (4) the determination of the issue was essential to the prior judgment; and

>  (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

In re Estate of Dawson, 136 N.J. 1, 20, 641 A.2d 1026, 1034-35 (1994) (citations omitted).  See also Ivashenko v. Katelyn Court Co., 401 N.J. Super. 99, 109, 949 A.2d 279, 285 (App. Div.), certif. denied, 196 N.J. 464, 957 A.2d 1173 (2008); State v. Brown, 394 N.J. Super. 492, 502, 927 A.2d 569, 576 (App. Div. 2007).  Like federal principles of collateral estoppel,[3] New Jersey courts follow the collateral estoppel guidelines laid out in the Restatement (Second) of Judgments.  Hernandez v. Region Nine Housing Corp., 146 N.J. 645, 659, 684 A.2d 1385, 1392 (1996); Konieczny v. Micciche, 305 N.J. Super. 375, 384, 702 A.2d 831, 836 (App. Div. 1997) ("In deciding the [collateral estoppel] issue, we have been governed by the factors set forth by the Restatement (Second) of Judgments §§ 27, 28 and 83 (1982).").  In this regard, section 27 provides:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Restatement (Second) of Judgments § 27.

---

[3] See, e.g., In re Docteroff, 133 F.3d 210 (3d Cir. 1997); In re Bush, 62 F.3d 1319 (11th Cir. 1995); In re Daily, 47 F.3d 365 (9th Cir. 1995).

As their federal counterparts do,[4] New Jersey courts also agree that collateral estoppel may not be applied in the case of a default judgment. See Restatement (Second) of Judgments § 27 comment e. See, e.g., Slowinski v. Valley National Bank, 264 N.J. Super. 172, 183, 624 A.2d 85, 91 (App. Div. 1993). See also In re Hawkins, 231 B.R. 222, 231 (D.N.J. 1999) ("Pursuant to New Jersey law, collateral estoppel does not apply to default judgments because such judgments are not 'actually litigated.'").[5]  What is not so clear is how the New Jersey Supreme Court might rule on the applicability of collateral estoppel in the circumstances presented here, i.e., substantial participation in pretrial activity, including filing responsive pleadings and participating in depositions, a withdrawal of attorney representation prior to trial, and no notice of or appearance at the trial by the defendant.

Applying federal common law governing collateral estoppel principles, courts of appeal have differed on whether preclusive effect may be given to determinations made in actions under circumstances similar to this one. For

---

[4] See, e.g., In re Corey, 394 B.R. 519 (10th Cir. BAP 2008), aff'd, 583 F.3d 1249 (10th Cir. 2009); In re Jordana, 232 B.R. 469 (10th Cir. BAP 1999), aff'd, 216 F.3d 1087 (10th Cir. 2000).

[5] Under federal common law, an exception to the general rule that collateral estoppel may not be applied in the case of a default judgment exists where the default arose from sanctionable conduct on the part of the defendant that prevented the matter from being actually litigated. See, e.g., In re Docteroff, 133 F.3d 210 (3d Cir. 1997); In re Bush, 62 F.3d 1319 (11th Cir. 1995).

instance, in In re Raynor, 922 F.2d 1146 (4th Cir. 1991), the court determined that the plaintiff in a nondischargeability complaint against the defendant/debtor could not rely on a default judgment entered in state court, where the debtor's counsel failed to file responsive pleadings, sought and obtained approval to withdraw as counsel on the day of trial, and did not notify the debtor of the trial date.  Because the debtor was not aware of the trial and did not appear, the matter was not "actually litigated", and issue preclusion did not apply.  Id. at 1149.  In contrast, the Ninth Circuit determined, on similar facts, that issue preclusion may apply if the defendant in the first action participated actively in the litigation for an extended period of time.  In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983) ("That after many months of discovery Gottheiner decided his case was no longer worth the effort does not alter the fact that he had his day in court.").

We have found no New Jersey Supreme Court case in which a similar circumstance was presented.  Where New Jersey's highest court has yet to address a particular application of state law, the role of the federal court is to "'predict how [the state's highest court] would decide the issue were it confronted with the problem.'" Jaworowski v. Ciasulli, 490 F.3d 331, 333 (3d Cir. 2007) (quoting Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993)).  The federal court must give careful consideration to

the decisions of the state's intermediate appellate courts, and to the need for consistency between federal and state courts in the application of state substantive law. Id.

A review of New Jersey Supreme Court and Superior Court, Appellate Division, issue preclusion cases suggests that the New Jersey Supreme Court is unlikely to afford preclusive effect to a state court judgment where the defendant participated in pretrial proceedings but did not have notice of and did not appear for the trial. These cases apply collateral estoppel only when the defendant in the initial action had the opportunity to fully and actively participate in the actual trial, and the manner in which the trial was conducted merited a bar to relitigation of the issues determined. Generally, the New Jersey Supreme Court has applied collateral estoppel where "'a party has had his day in court on an issue,'" Zirger v. General Accident Ins. Co., 144 N.J. 327, 338, 676 A.2d 1065, 1071 (1996) (quoting McAndrew v. Mularchuk, 38 N.J. 156, 161, 183 A.2d 74, 76 (1962)), and where a "judgment on the merits" is entered "in an adversarial context". Slowinski v. Valley National Bank, 264 N.J. Super 172, 182-83, 624 A.2d 85, 90-91.

The New Jersey Supreme Court has not applied collateral estoppel where the litigant against whom the doctrine is sought to be applied did not have a full and fair day in court on the issue. For instance, in Olivieri v.

Y.M.F. Carpet, Inc., 186 N.J. 511, 529, 897 A.2d 1003, 1015 (2006), a decision by an administrative tribunal that an employee seeking unemployment compensation benefits did not voluntarily leave her employment without good cause was not given collateral estoppel effect, because the proceedings did not afford the litigation "a full and fair opportunity to litigate factual issues sufficient to warrant collateral estoppel effect."  Although both the employee and the employer were represented at the hearing, there was no indication that the proceedings were recorded, that witnesses were sworn and subject to cross-examination, that only competent evidence was received, or that the decision of the fact-finder "was fairly based on the proofs adduced before him."  Id. at 524, 897 A.2d at 1012.  In determining that collateral estoppel did not bar relitigation of the issue determined at the initial proceeding, the court reflected that even if all of the requirements of the doctrine were met, the doctrine "'has its roots in equity, [and] will not be applied when it is unfair to do so.'"  Id. at 521-22, 897 A.2d at 1009 (quoting Pace v. Kuchinsky, 347 N.J. Super. 202, 215, 789 A.2d 162, 171 (App. Div. 2002)).  See also Hennessey v. Winslow Township, 183 N.J. 593, 875 A.2d 240 (2005) (no collateral estoppel where informal hearing held, but no final formal agency determination made on the merits.).

Similarly, in Hernandez v. Region Nine Housing Corp., 146 N.J. 645, 660-61, 684 A.2d 1385, 1394 (1996), an adverse determination from the

11

Equal Employment Opportunity Commission (EEOC) against an employee, in the course of which the employee's assertion of a violation of the New Jersey Law Against Discrimination (LAD) was rejected, did not collateral estop a plaintiff from litigating the issue of employment discrimination under the New Jersey LAD in state court.  Collateral estoppel did not apply because, among other things, proceedings before the EEOC are less formal than in a civil court, and "there exist significant differences in the quality and extensiveness of the proceedings followed in the EEOC as compared to proceedings in the Law Division."[6]  Id., 684 A.2d at 1393.  See also Allesandra v. Gross, 187 N.J. Super. 96, 453 A.2d 904 (App. Div. 1982) (No collateral estoppel in suit against corporate principal where the initial action involved the default expungement of a proof of claim in the corporation's bankruptcy proceeding, because no judgment on the merits was rendered.).

A factual pattern similar to the facts in this case was presented in the New Jersey bankruptcy case of Gallo v. Tooley, No. 06-02523, 2007 WL 1071945 (Bankr. D.N.J. Apr. 3, 2007).  A complaint was filed in state court charging Adrian Tooley with attacking the plaintiff and robbing her business.

---

[6]   In Hernandez, the New Jersey Supreme Court relied on an exception to the application of collateral estoppel in the Restatement (Second) of Judgments, § 28, providing that issue preclusion cannot be invoked where "[a] new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts."  146 N.J. at 660, 684 A.2d at 1392 (quoting § 28 (3)).

Tooley represented herself in the state court action.  She filed an answer, and participated in discovery depositions, motion practice and mediation, but did not appear at trial.  A default was entered.  Tooley's motion to vacate the default was denied.  Tooley attended the proof hearing and contested the proofs, but a default judgment was entered against her.  After she filed a Chapter 7 petition, the plaintiff filed a nondischargeability complaint against her.  Judge Steckroth declined to apply collateral estoppel to bar the section 523(a)(6) litigation, explaining as follows:

> As here, a default judgment entered subsequent to a contested proof hearing in which the defendant was not permitted to testify in her defense, is not given issue preclusive effect in New Jersey because the judgment was not rendered 'on the merits.'

Id. at *2 (citing to Slowinski, 264 N.J. Super. at 183-84).

The canvassing of New Jersey case law governing collateral estoppel reveals that the requirement that a matter be "actually litigated" means just that:  the party against whom the doctrine is sought to be applied must have had a full and fair opportunity to litigate the issue to be precluded, so that a judgment on the merits, reached after an adversarial hearing, is entered.  Here, although the debtor participated actively in pretrial proceedings, he did not participate at all at the trial, and had no opportunity to present a defense to the trier of fact.  Although the court accepted proofs from the plaintiff in the action, the proceeding was akin to the entry of a default judgment

13

against the debtor. The debtor did not have his day in court. No preclusive effect may attach to the judgment.

Accordingly, the plaintiffs' summary judgment motion is hereby denied. The matter will proceed to trial.

Dated:   January 27, 2010                              _____
                                                                                 JUDITH H. WIZMUR
                                                                                 CHIEF JUDGE
                                                                                 U.S. BANKRUPTCY COURT